**Elizabeth L. McFARLANE, Plaintiff**
vs.
**John DANEHY, ET AL., Defendants**

**No. 81-173**

Superior Court/Middlesex County
Commonwealth of Massachusetts

**April 26, 1982**

**John Gollinger,** counsel for plaintiff.
**Terry Philip Segal,** counsel for defendant.

## MEMORANDUM AND ORDER

This matter was initiated by a complaint, as amended, in which, by way of Count Two thereof, Elizabeth L. McFarlane (plaintiff) alleges, among other things, that the notice of termination of her employment as a Head Executive Assistant to the County Commissioners for the County of Middlesex, Massachusetts, was not authorized by a majority of the Middlesex County Commissioners and was therefore without legal validity.

She prays, among other things, that this court reinstate her as a Head Executive Assistant and order payment of any monies due and owed the plaintiff. The defendants, the County Commissioners for the County of Middlesex, Massachusetts, admit certain of plaintiff's allegations, deny others and request this court to deny plaintiff's requested relief. Count One of plaintiff's complaint was dismissed by stipulation of the parties.

A hearing was held on the matter at which a witness was examined and cross-examined and other evidence was submitted by way of exhibits and certain facts were stipulated to by counsel for the parties. On all the evidence, including the stipulation of facts, I make the following findings of fact, rulings of law and order for judgment.

1. Plaintiff was appointed on April 2, 1979, by Middlesex County Commissioner S. Lester Ralph to be his Head Executive Assistant, which was a policy-making position. Commissioner Ralph was defeated in his re-election campaign and officially left office January 6, 1981. At the time Commissioner Ralph left office, plaintiff had been serving one year and nine months.

2. Non-tenured employees are not entitled to a termination hearing or appeal, or to advance notice of termination. Middlesex County Commissioner Thomas J. Larkin, who succeeded Commissioner Ralph, processed over 120 applications, including plaintiff's submitted in response to postings and newspaper advertisements for his Head Executive Assistant.

3. Commissioner Larkin notified plaintiff by letter dated January 8, 1981, that he was terminating her employment as of January 7, 1981. A "Notice of Termination of Employment" (CP-4) for plaintiff was completed and signed by Commissioner Larkin, who forwarded it to Middlesex County Personnel Director Thomas Concannon. The "Notice of Termination of Employment" was delivered to plaintiff on January 8, 1981. The Middlesex County personnel director reviewed and forwarded the "Notice of Termination of Employment" (CP-4) to the County Personnel Board, composed of the Middlesex County Commissioners.

4. Middlesex County's Policy and Procedure on Discipline (See Exhibit 1) was not applicable to termination of non-tenured employees. Advance notice is not required for termination of non-tenured employees (See Exhibit 8, Sec. 5.3.1). Commissioner Larkin consulted with the Director of Personnel before plaintiff was terminated. Plaintiff's termination was recorded in the minutes of Middlesex County Personnel Board meeting of January 20, 1981. These minutes were approved by Commissioners Larkin and Michael McLaughlin, two of the three County Commissioners, but no vote was taken by the County Commissioners to terminate the plaintiff.

5. The plaintiff's salary as of January 7, 1981, was $22,479.00 per annum. The salary of Head Executive Assistant to the Middlesex County Commissioners was increased on September 1, 1981, to $24,879.00 per annum. On April 1, 1981, the plaintiff obtained other employment at a salary of $19,353.88. On September 1, 1981, plaintiff's salary was increased to $21,753.88 per annum.

I rule that as a policy-making appointee of Commissioner S. Lester Ralph, plaintiff served at his pleasure and could be terminated at any time without the concurrence of the other commissioners. In addition, I rule that plaintiff's position ended with Commissioner Ralph leaving office and that Commissioner Larkin was not required to retain her.

See, **Joseph C. Duggan v. City of Taunton, et al.,** 360 Mass. 644, 649 (1971).

It is hereby ordered that a judgment enter dismissing the complaint.

**Joseph S. Mitchell, Jr.**
**Justice of the Superior Court**